**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01623-PAB-NYW

PAUL WEGNER,

    Plaintiff,

v.

DALE DAHLQUIST, and
KC WOODS TRUCKING , Inc.,

    Defendants.

_____

**MINUTE ORDER**
_____

Entered by Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff's Motion to Compel Production of the Unredacted Medical Examination Report Contained in the Driver Qualification File Previously Produced by Defendants ("Plaintiff's Motion to Compel") by Plaintiff Paul Wegner [#39] filed on July 8, 2015. This motion has been referred to this Magistrate Judge pursuant to the Order of Reference dated June 26, 2014 [#11], the Reassignment dated February 10, 2015 [#17], and the memorandum dated July 9, 2015.

    A review of the Motion filed as Plaintiff's Motion to Compel [#39] indicates that contrary to the title indicated on the docket, the motion does not address the issue raised by Plaintiff during the informal discovery conference held on July 7, 2015, *i.e.*, whether an unredacted copy of Defendant Dahlquist's Driver Qualification file should be produced.

    Accordingly, IT IS ORDERED that Plaintiff's Motion to Compel [#39] is DENIED WITHOUT PREJUDICE, with leave to refile the appropriate Motion to Compel no later than **July 9, 2015**. To the extent that Plaintiff seeks to file the motion entitled Motion For Extension Of Time To Disclose Expert Witnesses, Designate Rebuttal Experts, And To Complete Discovery currently filed as [#39], it should do so under separate docket entry after a full meet and confer pursuant to D.C.COLO.LCivR. 7.1(a). The statement "Counsel for Defendants would not state whether this Motion is unopposed without the consent of Defendants, which was not obtained as of the time the parties last conferred" is insufficient to satisfy the Parties' obligations to confer under the Local Rule.